# Van Horn *v.* Kemena et al., Appellants.

*Contract —Construction —Attending circumstances—Two interpretations—Market price—Best market price.*

1. Agreements should be construed with reference to the circumstances under which the parties contract.

2. If a provision of a contract is capable of two interpretations, it should be construed most strongly against the person whose undertaking it is.

3. Where a general contractor stipulates in a contract with a subcontractor that so long as the former could supply certain materials at a cost that would not exceed any other cost that the subcontractor could get them for, the contractor should supply them, the subcontractor may show in a suit between them that the market

price of the materials was less than the price at which the contractor charged for them.

4. It seems that the contract may be construed to mean the best market price.

Argued October 9, 1924.   Appeal, No. 113, Oct. T., 1924, by defendants, from judgment of C. P. Beaver Co., Sept. T., 1923, No. 247, on verdict for plaintiff, in case of S. L. Van Horn v. Ernest F. Kemena et al.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit for balance alleged to be due under a written contract.   Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $16,779.78. Defendants appealed.

*Error assigned* was, inter alia, admission of evidence referred to in the opinion of the Supreme Court, quoting bills of exceptions.

*Wm. A. McConnell,* for appellants, cited: Lucas Coal Co. v. Canal Co., 148 Pa. 227.

*Harold F. Reed,* of *Reed, Leonard, Coghlan & Smith,* for appellee, cited: Bole v. Ins. Co., 159 Pa. 53; Perry v. Payne, 217 Pa. 252; Hook v. Welsh, 67 Pa. Superior Ct. 297.

OPINION BY MR. JUSTICE KEPHART, November 24, 1924:

Defendants were general contractors engaged in building an orphanage at Elmhurst.   They sublet the plastering contract to plaintiff, who sued to recover the contract price.   This dispute arose over the credits defendants were entitled to receive for the plastering materials furnished plaintiff, it being contended the prices charged were reasonable and under the contract.   The particular

portion of it to be considered reads as follows: "It is understood that so long as we [defendants] can furnish you [plaintiff] the plaster, sand, lime, etc., needed for your work at a cost that would not exceed any other cost or price that you may get, in this case, you purchase the material through us."

Agreements should be construed with reference to the circumstances under which the parties contract: Perry v. Payne, 217 Pa. 252, 257. If this provision is capable of two interpretations it should be construed most strongly against the person whose undertaking it is: Bole v. New Hampshire Fire Insurance Company, 159 Pa. 53, 56. It is urged, though it was not raised at the trial of the case, that, when plaintiff elected to purchase supplies from them at the prices then charged, he tacitly conceded they were within the terms of the contract and cannot now be disputed; furthermore, he was required to know these prices when the material was delivered, and cannot at this time raise objection to them.

It appears plaintiff was an experienced plastering contractor, fully acquainted with the business. Appellants knew, when they sublet the contract, it was possible for him to procure materials at the very best prices the market offered. But it is also clear that as someone, apart from the manufacturer, was in all probability to make a profit in the sale of the material, defendants made certain they were to be in that position. Therefore it was provided that if they could furnish the material at the same price as any one else, the subcontractor was obliged to purchase from them. When a charge for the plaster, sand, lime, etc., was rendered, the price should have been pursuant to the terms of this contract, and if the bills submitted were in excess of it they must be reduced to the cost fixed by the parties, to wit, "a price that would not exceed any other price," or the fair market price at the time and place of delivery. It might even mean the best market price.

The bills for material were considerably above the best market price, as, for illustration, the market price of plaster was $14.90 a ton; the bill fixed $25 a ton, and similar increases were present in all other charges for material. This was not according to the terms of the contract. Defendants certainly could not ask any more than the highest market prices, and the court below was clearly right in admitting evidence tending to show what those prices were.

There is no substantial error in the portions of the charge of the court submitted for review, when read with the entire charge. The jury was fully informed both on the law and facts.

The assignments of error are overruled, and the judgment of the court below is affirmed.